## PFENNINGHAUSEN et al. v. HULSEY.

No. 16577—Opinion Filed Sept. 28, 1926.

**1. Guardian and Ward — Oil Lease on Ward's Land not "Sale of Realty."**

A lease granting oil and gas mining privileges for a term of years is not a "sale of realty" as contemplated by section 5314, C. L. 1909 (being section 1273, C. S. 1921).

**2. Same—Liability of Defaulting Purchaser —Notice of Resale Unnecessary.**

The provision of section 1284, C. S. 1921, requiring notice to be given to a defaulting purchaser before the court may order a resale of real estate, has no application to the resale of an oil and gas lease.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Hughes County; Geo. C. Crump, Judge.

Action by John Henry Hulsey, a minor, by his guardian and next friend, Will Smith, against C. O. Pfenninghausen et al. Judgment for plaintiff, and defendants appeal. Affirmed.

Anglin & Stevenson, for plaintiffs in error.

Diamond & Orr and Orr & Woodford, for defendant in error.

Opinion by JONES, C. This action was instituted in the district court of Hughes county by the appellee, as plaintiff, against the appellants, as defendants, to recover the sum of $1,560 as damages.

The facts as disclosed by the record show that the plaintiff, John Henry Hulsey, was a minor Indian citizen, and that through his duly appointed and acting guardian, he offered for sale in the county court of Hughes county an oil and gas lease on 80 acres of his allotment of land, and that at the sale of said oil and gas lease by the county court of Hughes county, the defendant, C. O. Pfenninghausen, being the highest and best bidder, purchased same for the sum of $2,200. The sale was thereafter duly approved by the county court, but the defendant, Pfenninghausen, never paid for said lease, and refused to take same; the bid of $2,200 was made by C. O. Pfenninghausen in person, but in the name of W. R. Pfenninghausen, Jr., his brother, and when this fact was disclosed the trial court made an order making W. R. Pfenninghausen a party defendant in said cause.

The first sale of the oil and gas lease was made on May 19, 1920, at which time the defendant was the highest and best bidder, and thereafter, by reason of defendant's default, a resale of said oil and gas lease was ordered by the county court of Hughes county, and on July 7, 1920, the oil and gas lease was again offered for sale and sold for $640, same being the highest and best bid. Plaintiff's cause of action in this case for damages is based on the difference between the amounts bid at the sales.

Upon the trial of the case to the court, without the intervention of a jury, the court rendered judgment in favor of the plaintiff and against the defendant C. O. Pfenninghausen for $1,080, and further found that the defendant W. R. Phenninghausen, Jr., had no knowledge of the transaction, and had given no authority to his brother, C. O. Pfenninghausen, to purchase the lease in the name of W. R. Pfenninghausen, Jr., and dismissed plaintiff's cause of action as against the defendant W. R. Pfenninghausen, Jr. From which judgment the appellant, C. O. Pfenninghausen, prosecutes this appeal, and submits to this court only one proposition for consideration.

Appellant contends that the second sale was void and of no force and effect as against appellant, for the reason that no notice was given him, as the purchaser, of the resale, as provided in section 1284, C. S. 1921, as follows:

"If after the confirmation, the purchaser neglects or refuses to comply with the terms of the sale, the court may, on motion of the executor or administrator, and after notice to the purchaser, order a resale to be made of the property. If the amount realized on such resale does not cover the bid and the expense of the previous sale, such purchaser is liable for the deficiency to the estate."

Numerous authorities are cited construing this provision of the law, which governs the sale of real estate of minors, and appellant contends that the same rule of law should govern the courts in passing upon the sale of an oil and gas lease. We cannot concur in this contention.

The court predicates its judgment on the law as provided by section 5969, C. S. 1921, which provides:

"Any person who suffers detriment from the unlawful act or omission of another, may recover from the person in fault a compensation therefor in money, which is called damages."

Appellee contends that under this provision of the law, he is entitled to recover the difference between the amount bid at the first sale, and the reasonable market value of the lease at the time of the second sale, and alleges that the reasonable market value was $640, the amount for which it sold; however, upon the trial of the case it was disclosed by the evidence that the oil and gas lease was valued at from $25 to $30 per acre at the time of the first sale. The amount bid by the appellant here was $27.50; and the evidence discloses that at the time of the second sale, wherein the oil and gas lease was sold for $640, that the oil and gas lease was of the value of from $6 to $14 per acre. The court in rendering judgment gave the appellant the benefit of the highest value placed upon the oil and gas lease at the time of the last sale, to wit, $1,120, rather than the amount for which it sold, and rendered judgment for the difference, $1,080.

We are inclined to the opinion that the judgment of the trial court is correct. In the case of Duff et al. v. Keaton, 33 Okla. 92, 124 Pac. 291, this court held that:

"A lease granting oil and gas mining privileges for a term of years is not a 'sale of realty' as contemplated by section 5314, C. L. 1909."

And in the body of the opinion said:

"We conclude that an oil and gas lease is neither a conveyance, within the purview of section 5314, supra, nor a sale of the minor's real estate within the terms of said section; such lease being personalty."

Section 5314, Statutes of 1909, being section 1273, C. S. 1921, authorizing the sale of the estates of minors.

The Duff-Keaton Case clearly holds that the procedure prescribed by statute, regulating and controlling the sale of real estate belonging to minors, does not apply to the sale of oil and gas leases upon the lands of minors; hence, we conclude that, if the law does not govern and control the sale of oil and gas leases upon the lands of minors in the first sale, it would necessarily have no application to a resale; hence the contention of the appellant, that under section 1284, O. S. 1921, which provides, among other things, that notice must be given to the purchaser where a resale is ordered, is without merit.

The rule announced by this court in the Duff-Keaton Case, supra, has been followed in numerous opinions rendered by this court up to and including Papoose Oil Co. v. Swindler et al., 95 Okla. 264, 221 Pac. 506. The only law that seems to apply to the sale of oil and gas leases is rule 9 promulgated by the Supreme Court, and we assume that this rule was complied with, as

there is no contention to the contrary. The only effect of failure to give notice to the purchaser in the instant case would be to authorize him, or give him the right, to disregard the amount which the oil and gas lease was sold for, and entitle him to show the reasonable market value of the oil and gas lease at the time of the sale, and this was done in the trial of the case. The court gave him the benefit of the highest market value of an oil and gas lease placed upon the same by the evidence, and we fail to see wherein the rights of the appellant have been prejudiced in any wise by reason of the judgment rendered, and therefore hold that the judgment of the trial court should be and the same is hereby affirmed.

By the Court: It is so ordered.

Note.—See 28 C. J. p. 1208, §362 (Anno).